UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | CRIMINAL NO. A-21-M-935 |
| | § | |
| FRANKLIN BARRETT SECHRIEST | § | |
| | § | |
| Defendant. | § | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO RECONSIDER DETENTION

The United States of America, by and through undersigned Assistant United States Attorney for the Western District of Texas ("Government" or "United States"), hereby files this Response in Opposition to Defendant's Amended Motion to Reconsider Detention [Doc. 31] ("Defendant's Motion"), and would show the Court as follows:

Background

On November 11, 2021, Defendant SECHRIEST was charged by Criminal Complaint with a violation of 18 U.S.C. § 844(i) (Arson) [Doc. 3].

On November 15, 2021, the United States filed a Motion to Detain Defendant Without Bond requesting that Defendant be detained pending trial. [Doc. 6].

On December 15, 2021, the Court held a detention hearing at which Defendant and his counsel were present. At the conclusion of the hearing, the Court entered a written Order of Detention that granted the United States' Motion for Detention. [Doc. 26]. In its written Order, the Court found "by clear and convincing evidence that no condition or combination of conditions

will alleviate the serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness." Id. at 1.

On January 27, 2022, Defendant filed the original version of Defendant's Motion [Doc. 30], and on January 28, 2022, Defendant filed Defendant's Motion. Defendant seeks release to obtain treatment at an out-of-state mental health treatment facility named in Defendant's Motion (hereinafter "the Facility"). According to Exhibit 2 filed with Defendant's original Motion [Doc. 30-2], Defendant has been approved for admission to the Facility and will be responsible for payment of all treatment services. Defendant asserts that the Facility has "acute, lock-down facilities" without specifying any details. (Defendant's Motion at 3; Def. Exh. 1, Doc. 30-1, at 3).

Argument

The United States opposes Defendant's Motion to the extent that it seeks Defendant's release from detention. Granting Defendant's Motion will require the Court to rescind its Order of Detention, release Defendant to the custody of his parents, and trust that Defendant will follow through with his voluntary admission to the Facility. Although the United States does not oppose the provision of necessary and proper mental health treatment to Defendant, the United States supports such treatment only if it is rendered within the context of Defendant's current custodial status.

Defendant's Motion is prompted primarily by a single sentence from the Order of Detention: "This Court will consider any option or plan for the treatment of Defendant's mental health that incorporates long-term treatment in a locked-down facility." [Doc. 30 at 3]. While the Court did not expound on what it considers a suitable "locked-down facility," the United States interprets that term to mean the functional equivalent of detention in a jail or prison. Anything

short of that would be insufficient to protect the community or to eliminate Defendant's potential flight risk.

First, the Court found by clear and convincing evidence that Defendant should be detained under the Bail Reform Act, chiefly for being a danger to the community and to others, and there is no factual basis nor legal reason to reverse that. Defendant's Motion does not contest the facts supporting detention nor the Court's determination that detention is warranted under the law. The evidence showed not only that Defendant set fire to the Congregation Beth Israel synagogue, a Jewish place of worship, on October 31, 2021, but that Defendant also committed an armed robbery of 4 Black victims and a Hispanic victim on the campus of Texas State University in August 2021. Defendant's extensive writings contained in several handwritten journals introduced in Court were explicit about his hatred of Jews and Blacks in particular. Those journals also specifically described his acquisition and use of firearms, Molotov cocktails, and other dangerous weapons. When Defendant was arrested in November 2021, he was found with materials commonly used to make Molotov cocktails, signifying his intent to engage in more violent criminal conduct and escalate his dangerousness. The nature and extent of this evidence alone justifies Defendant's detention.

Second, while the Order of Detention was silent on the issue, the evidence shows that Defendant is a flight risk. The evidence presented to the Court – including testimony from Defendant's father – showed that Defendant has no ties whatsoever to Texas generally, or to the Austin community in particular. Defendant and his parents moved to the Austin area from Minnesota only a few months ago so that Defendant could attend Texas State University and enlist in the Texas State Guard. Since he's been arrested, Defendant is no longer enrolled as a Texas State student and is no longer affiliated with the Texas State Guard (if he ever was); thus, whatever

minimal ties he tried to establish in the area no longer exist. Defendant's repeated requests to be transported out of the jurisdiction for mental health treatment only further highlight his lack of ties to this community.

Third, there is no evidence that the Facility will provide the functional equivalent of custodial detention. Defendant's Motion makes a conclusory statement that the Facility has "acute, lock-down facilities" without offering any facts supporting that characterization. Neither Defendant's Exhibit 2 nor the Facility's website makes any reference to offering "lock-down" treatment or involuntary commitment and detention of patients. In fact, the Facility's website indicates that it will not accept for admission anyone under a court order to receive treatment. There is no evidence suggesting that the Facility will make an exception to that policy to accept a court order instructing the Facility to keep a defendant accused of serious violent felonies in custody for the duration of treatment. Moreover, there is no evidence that the Facility routinely provides long-term, inpatient treatment to incarcerated persons.

Defendant and his parents have pledged to pay for Defendant's treatment and his admission is completely voluntary. Under those circumstances, if Defendant and/or his parents no longer wish Defendant to participate in treatment, Defendant is free to depart and there is nothing the Facility can legally do to prevent his departure. In addition, based on the evidence at Defendant's detention hearing, there is no evidence that Defendant's parents have the resources necessary to prevent Defendant from engaging in additional violent criminal conduct. In fact, while in his mother's custody, Defendant was able to commit an arson and an armed robbery, all without her detection. The United States believes releasing Defendant to his parents' care and custody to be transported to the Facility would be imprudent and dangerous.

Finally, it is unclear whether Defendant has pressing mental health issues that are amenable to treatment and should be released in the face of substantial evidence that he should be detained. While the expert retained by the defense has recommended Defendant's admission to the Facility, she has not rendered a diagnosis or explained how treatment may be beneficial. In fact, her recommendation merely states that *"[Defendant] would benefit from acute stabilization in an inpatient psychiatric facility followed by a sub-acute extended inpatient observation with in-depth monitoring and neuropsychological testing. Results would allow practitioners to make specific and valuable recommendations for long-term treatment and placement."* Of course, almost every person detained pretrial might benefit from mental health treatment or counseling. But without a clear indication of how treatment will be beneficial, this general recommendation for mental health treatment does not justify rescinding and reversing the Court's Order of Detention.

There is no mention in Defendant's Motion or the defense expert's report whether adequate mental health treatment can be rendered to Defendant in his current custodial status. The United States sees no practical reason why Defendant cannot undergo mental health treatment at his own expense while detained in this district. If such treatment, and the treatment provider, were to be approved and cleared by the Court, Pretrial Services, U.S. Marshals Service, and the jail where Defendant is housed, the United States would have no objection to such treatment. Instead, a dangerous Defendant who reportedly has mental health concerns is seeking release from custody so that his parents – who could not stop him from committing an arson, an armed robbery, and possibly other crimes on their watch – can drive him to an out-of-state facility that may (or may not) have resources to keep him and the community safe while he seeks diagnosis and treatment of unspecified mental health concerns. The Court rejected a nearly identical request for release at the detention hearing. It should do so again here and deny Defendant's motion.

## Unsealed Response

Defendant's Motion requested that the United States' response to Defendant's Motion, and the Court's Order regarding same, be sealed because "[the Facility] has requested that [its] name not appear publicly . . . ." (Defendant's Motion at 3). Defendant's Motion contains no facts or explanation why the Facility's desire not to have its name appear publicly warrants sealing. Even so, because this response does not include the actual name of the Facility, the United States believes sealing its response to Defendant's Motion is not necessary. After consultation with Daniel Wannamaker, Esq., counsel for Defendant, he stated he does not oppose this response being filed unsealed if it does not refer to the Facility by name. Accordingly, this response will be filed unsealed.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests the Court to DENY Defendant's Motion seeking his release to participate in treatment at the Facility.

Respectfully submitted,

ASHLEY C. HOFF
United States Attorney

By: /s/ *Matthew Devlin*
_____
MATTHEW DEVLIN
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following, and, further, because this document is being filed under seal, I certify that that I have provided a copy of the document to the following, in accordance with the provisions of Fed. R. Crim. P. 49:

Daniel H. Wannamaker, Esq.
1012 Rio Grande Street
Austin, Texas 78701
(512) 236-9929
Fax (512) 233-5979
State Bar No. 20834300
Email: dhw@wannamakerlaw.com
*Attorney for Franklin Barrett Sechriest*

/s/ *Matthew Devlin*
_____
MATTHEW DEVLIN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff. | § |
| v. | § CRIMINAL NO. A-21-M-935 |
| FRANKLIN BARRETT SECHRIEST | § |
| Defendant. | § |

## ORDER

After considering the Defendant's Amended Motion to Reconsider Detention [Doc. 31] and the United States' Response in Opposition thereto, the Court finds that Defendant's motion lacks merit and should be denied. Accordingly,

**IT IS ORDERED** that Defendant's Amended Motion to Reconsider Detention [Doc. 31] be, and is hereby, DENIED.

**SIGNED** on this _____ day of _____, 2022.

_____
UNITED STATES MAGISTRATE JUDGE